UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ALFRED SCOTT,                  )
                               )
        Petitioner,            )
                               )
    v.                         )    Case No. 04-1427
                               )
UNITED STATES OF AMERICA,      )
                               )
        Respondent.            )

**O R D E R**

Before the Court is Alfred Scott's (Scott's) Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. # 1]. For the following reasons, the motion will be denied.

**Background**

In May 2002, Scott pled guilty to distributing cocaine base in violation of 21 U.S.C. § 841(b)(1)(B) pursuant to a written plea agreement. As relevant, the plea agreement contained the following provision:

> Understanding that Section 3742 of Title 18 of the United States Code provides for appeal by a defendant of a sentence under certain circumstances and that he may give up or waive the right to appeal, the defendant knowingly and voluntarily waives any and all rights to appeal his sentence on any ground. The defendant also expressly waives the right to attack his conviction and sentence in any post-conviction proceeding on any ground. These waivers do not apply where the Court sentences the defendant above the statutory maximum sentence, or where the Court sentences the defendant above the sentencing guidelines range without first departing upward under the sentencing guidelines.

(Memorandum in Support, Doc # 2 at Ex. A). During the change of plea hearing, the Court reviewed this provision with Scott as

follows:

    Q: Now, normally both the Government and the Defendant may appeal the Defendant's sentence under certain circumstances. However, in paragraph 15 of your plea agreement on page 6, you have waived your right to appeal your sentence; either a direct appeal to a higher court, pursuant to Section 3742 of Title 18 of the United States Code, which is referenced in paragraph 15, or in any postconviction proceedings brought back to this Court. You have waived your right to appeal this sentence. Have you discussed this with your attorney?
    A: Yes, sir.
    Q: Is it fair to say that in exchange for whatever concessions you see flowing to you from this plea agreement, you have agreed to waive your appeal rights?
    A: Yes, sir.

The Court also discussed the plea agreement generally with Scott:

    Q: I have been tendered what purports to be the plea agreement, the original plea agreement, that purports to bear your signature on page 10 of that agreement, under today's date. Did you sign this plea agreement today, Mr. Scott?
    A: Yes, sir.
    Q: And before signing the plea agreement, did you read through the plea agreement?
    A: Yes, sir.
    Q: And did you discuss the terms of the plea agreement with your attorney?
    A: Yes, sir.
    Q: And did you satisfy yourself that the plea agreement accurately set forth all agreements and understandings you have reached with the Government?
    A: Yes, sir.
    Q: And you fully understand it.
    A: Yes, sir.
    Q: Did anyone force you to enter into this plea agreement?
    A: No, sir.
    Q: Did your attorney unduly pressure you to coerce you to enter into this plea agreement?
    A: No, sir.
    Q: You're doing it voluntarily?

A:   Yes, sir.

Also as relevant, the Court discussed the maximum statutory penalties and the procedures for determining the sentencing range under the Sentencing Guidelines:

> Q:   The next subject matter I wish to talk about is the maximum penalty provided by law in connection with Count 2. And this information is also set out in the plea agreement, paragraph 10 on page 5. Count 2 carries a 10 minimum mandatory sentence of 5 years and a maximum sentence of 40 years, so 5 to 40 with a mandatory minimum of 5. It carries a maximum fine of $2,000.000. And a special assessment of $100. It also carries a special mandatory supervised release term of at least 4 years and up to any number of years, including life.
> * * *
> Q:   Now, if you have one or more prior felony drug convictions, the maximum possible penalty we've just talked about will be enhanced. This is also set out in paragraph 10. Then the mandatory minimum sentence is 10 years imprisonment rather than 5. And the maximum sentence is life rather than 40 years. The fine is $4,000,000 instead of $2,000,000 and the special assessment remains the same at $100. But the special mandatory supervised release term now becomes a minimum 8 years rather than 4 years. Do you understand the maximum possible penalty?
> A:   Yes, sir. Yes, sir.
> * * *
> Q:   Okay. Now, the Court won't be able to determine the guideline range until the Probation Department has conducted a presentence investigation and prepared a written Presentence Report, which will give the Court factual information about this offense to which you're pleading guilty, other relevant criminal conduct, your past criminal history, your ability to pay any fine or make any restitution that's called for, and will set forth the range of sentence upon application of the Sentencing Guidelines by the Probation Officer. You will receive a copy of this report. If you have any objections to any of that information, including a concern that the guidelines have not been applied correctly to your case and you can't resolve those objections with the Probation Officer, resulting in

3

>           a revision of the Presentence Report, I will
>           determine your objections. Only after I have
>           determined any objections would I be in a position
>           to determine the applicable guideline range. All
>           this means is that once I go through this process,
>           the guideline range as determined by the Court may
>           differ from what you have been told by Mrs. Dura,
>           because she hasn't has the benefit of the
>           Presentence Report. If that happens, you cannot
>           withdraw your plea of guilty. Do you understand
>           that?
> A:        Yes, sir.

In November 2002, this Court sentenced Scott to 292 months imprisonment and eight years supervised release. Scott appealed and appellate counsel moved to withdraw, filing a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967). In dismissing his appeal, the Seventh Circuit Court of Appeals found:

> Scott proposes arguing that the district court violated Rule 11 . . . by failing to inform him that under the Sentencing Guidelines his term of imprisonment would be lengthened because of uncharged drug amounts factored in as relevant conduct. Scott's argument would be frivolous because he does not want the relief--withdrawal of his plea--that a victory would provide. Even if we set that shortcoming aside, the district court complied with Rule 11 (as relevant here) by informing Scott of the potential mandatory minimum terms of imprisonment and supervised release and the corresponding statutory maximums. And the court specifically advised Scott that it would calculate his sentence based on information contained in his presentence report, and that his guideline range could not be determined until after the report was received. The court also ensured that Scott understood that even if the resulting guideline range differed from what he had discussed with counsel, he could not withdraw his guilty plea. Given Scott's sworn testimony that he understood this concept, he cannot now make a nonfrivolous argument to the contrary.
>
> . . . We will uphold Scott's waiver if we find it was express and unambiguous, and if the sentence imposed did not exceed the statutory maximum or result from the district court's reliance on a constitutionally impermissible factor such as Scott's race. Scott signed

> the written plea agreement expressly incorporating the appeal waiver, and when the district court reviewed the provision with Scott during the plea colloquy, Scott assured the court that he was waiving his appellate rights knowingly and voluntarily. And because Scott does not seek to withdraw his guilty plea, he cannot raise a piecemeal challenge to the waiver provision it contains. Finally, Scott's sentence of 292 months' imprisonment and eight years of supervised release falls within the statutory maximums (triggered by Scott's prior felony drug conviction) of life for both imprisonment and supervised release . . . and neither Scott nor counsel points to anything in the record suggesting that the district court relied on a constitutionally impermissible factor. Thus, we agree with counsel that a challenge to Scott's sentence would be frivolous because he waived his right to appeal it.
>
> Scott, however, claims that the waiver is invalid because the government breached a separate provision in the plea agreement. Specifically, Scott thinks that the government "stipulated" in the agreement that his sentence would be based only on 13.5 grams of crack (the amount he sold during the second controlled buy). This argument would be frivolous. First, by waiving his right to appeal his sentence "on any ground," Scott agreed that the district court would have the last word concerning any claim that the government breached the plea agreement before judgment. Moreover, Scott's plea agreement contains no promise setting 13.5 grams of crack as the outer limit of his exposure for sentencing purposes. Finally, the appeal waiver also renders the remainder of Scott's proposed arguments--all challenges to his sentence--frivolous.

<u>United States V. Scott</u>, 83 Fed.Appx. 824, 826-27 (7th Cir. 2003) (citation omitted). In his Petition, Scott asserts that his guilty plea was not knowing and voluntary because defense counsel promised him he would receive a 10-year sentence, that his guilty plea was not supported by sufficient evidence, that the government breached the plea agreement, and that various errors were made regarding his sentence.

5

## Analysis

A waiver of the right to file a postconviction petition is enforceable if it is knowingly and voluntarily made and if the defendant cannot establish a claim of ineffective assistance of counsel in connection with negotiating the plea agreement. Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000). Scott argues his plea was involuntary because defense counsel promised him he would receive a ten-year sentence.

At Scott's change of plea hearing, the Court placed him under oath and addressed him in accordance with Federal Rule of Criminal Procedure 11. His responses indicated the following: No one, including his attorney, forced him to agree to plead guilty. He did so voluntarily. He understood he faced at least five years in prison and as much as life. He understood his actual sentence would depend on his criminal history and could differ from what his attorney predicted. He read his plea agreement; discussed it with his attorney; and understood it. He felt the waiver of review of his sentence was worth the concessions given in return.

In his section 2255 motion, Scott presents a different version of events: His attorney promised him he would receive a ten-year sentence. In an analogous context, the Seventh Circuit has stated a "district court is generally justified in discrediting the proffered reasons for the motion to withdraw and holding the defendant to [his] admissions at the Rule 11 hearing." United States v. Messino, 55 F.3d 1241, 1248 (7th Cir. 1995)(alteration in original)(affirming denial of motion to withdraw guilty plea before sentencing).

Scott merely contradicts his Rule 11 responses.  He fails to suggest any source of corroborating evidence.  This Court's face-to-face interaction with him at the change of plea hearing, the content of his plea agreement, and a recently filed affidavit by his attorney denying his accusations, all belie his recently adopted version of events.  There is no need for an evidentiary hearing.  The information the Court possesses is adequate to resolve the factual matters Scott raises.  <u>Ebbole v. United States</u>, 8 F.3d 530, 534 (7th Cir. 1993).  The Court remains convinced Scott's guilty plea was voluntary, knowing, and untainted by ineffective assistance of counsel.

Scott's arguments that the government breached the plea agreement and that the plea was not supported are based on the fact that he was sentenced based on a drug quantity which was much higher than what he admitted to during his guilty plea.  However, as the Seventh Circuit recognized in dismissing his direct appeal, Scott's plea agreement contains no promise setting the outer limit of his exposure for sentencing purposes; and the Court specifically advised Scott during the plea colloquy that it would calculate Scott's sentence based on information contained in his presentence report, that his guideline range could not be determined until after the report was received, that even if the resulting guideline range differed from what Scott had discussed with counsel he could not withdraw his guilty plea.  Further, Scott admitted to involvement with the drug quantity specified in the indictment (and continues to do so), and the government provided an independent basis in fact as to that drug quantity.  This is all that is

7

required to show a factual basis for Scott's guilty plea.

As the Court remains convinced Scott's plea agreement, including the waiver of collateral review of his sentence, was voluntary, knowing, and untainted by ineffective assistance of counsel.  This waiver bars Scott's remaining arguments.  <u>Mason</u>, 211 F.3d at 1069.[1]

### Conclusion

IT IS THEREFORE ORDERED that Alfred Scott's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. # 1] is DENIED.

CASE TERMINATED.

ENTERED this   <u>16th</u>   day of December, 2005.

<u>s/ Joe B. McDade</u>
JOE BILLY McDADE
United States District Judge

---

[1] The Court notes that Scott has relied heavily on the Supreme Court's opinion in <u>United States v. Booker</u>, Nos. 04-104 and 04-105, 2005 WL 50108 (U.S. Jan. 12, 2005).  However, the Seventh Circuit has found that <u>Booker</u> does not apply retroactively to criminal cases that became final before its release on January 12, 2005.  <u>See</u> <u>McReynolds v. United States</u>, 397 F.3d 479(7th Cir. 2005).